UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ULTRA INTERNATIONAL MUSIC PUBLISHING, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>KANYE WEST individually and d/b/a "Yeezy Tech," ALEX KLEIN, KANO COMPUTING LIMITED, and DOES 1 through 10,<br><br>       Defendants. | Civil Action No. 22-cv-5560<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**Demand for Jury Trial** |

1.    Plaintiff Ultra International Music Publishing, LLC ("UIMP" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendant Kanye West, individually and d/b/a "Yeezy Tech" ("West"), Alex Klein ("Klein"), Kano Computing Limited ("Kano"), and Does 1 through 10 (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

2.    Defendant Kanye West (now known simply as "Ye") is a world-famous artist, songwriter, producer, and entrepreneur.  The story of his success is well trodden at this point, from growing up in Chicago, to becoming one of the most famous people in the world.  Relevant to this action, West also has purported to be an outspoken advocate for artists' rights in recent years, proclaiming, for example, in a 2020 interview with Billboard Magazine that he would "work with anyone who treats artists fairly & righteous."

3.    West exercised his own artistic independence by self-releasing, on February 23, 2022, a new album titled *Donda 2*.  He rejected conventional release strategies, electing instead

to exclusively release *Donda 2* on the so-called Stem Player, a new musical listening device that West co-created along with Klein and Klein's company, Kano, and which retails for $200.00.

4.     West's gamble was a success.  Shortly after announcing the exclusive release of *Donda 2*, West publicly proclaimed that he had earned $2.2 million from Stem Player sales in just a single day.

5.     Unfortunately, and contrary to his claimed interest in the proper compensation and fair treatment of all artists, West, has not shared his success with at least one well know artist and writer whose work he sampled and exploited without authorization or compensation in the creation of *Donda 2*.

6.     Specifically, West's song "Flowers"—reportedly written about his estranged wife, Kim Kardashian—directly samples an iconic song written by another Chicago native, Marshall Jefferson, in 1986.  That song, titled "Move Your Body," and known as "The House Music Anthem," is instantly recognizable; the unauthorized sample taken by West is repeated at least 22 times throughout "Flowers."

7.     West's unauthorized use of "Move Your Body" constitutes an unambiguous infringement of the copyright in the musical composition "Move Your Body," and of course is a blatant exploitation of a Chicago artist's work without permission and compensation. Manifesting the height of hypocrisy, West advocates for artists' rights with one hand, yet has no shame in taking away rights from another artist with the other.

## JURISDICTION AND VENUE

8.     This is a civil action seeking damages and injunctive relief for direct, contributory, and vicarious copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et*

14333665.1

*seq.* This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over Defendants because, among other things, Defendants are engaged in tortious conduct within this State and District, including by copying, altering, publicly performing, and distributing Plaintiff's musical composition within the United States and this State.  Plaintiff additionally avers that, among other things, (a) Defendants or their agents are doing or have been doing business continuously in this State and District, (b) a substantial part of the wrongful acts committed by Defendants have occurred in interstate commerce, in this State and District, and (c) Defendants' conduct caused injury to, and is directed at, Plaintiff and its intellectual property within the United States and this State.

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PARTIES

11.     Plaintiff UIMP is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 137 West 25th Street, 10th Floor, New York, New York 10001.

12.     UIMP is an independent music publishing company.

13.     UIMP owns, controls and/or administers (in whole or in part) copyrights and/or exclusive rights in and to numerous compositions, including the musical composition for the song "Move Your Body" written by Marshall Jefferson (the "Composition").  The copyright in and to the musical composition "Move Your Body" was registered on August 25, 1986 with registration number SR0000076813.  UIMP's ownership of the Composition copyright and related registration has been confirmed via a Certificate of Recordation, Vol. No. 9983, Doc. No.

3

14333665.1

676.  As the owner or administrator of the copyright (in whole or in part) in the "Move Your Body" composition, UIMP possesses the exclusive right, among other things, to reproduce, adapt, distribute, and to perform the Composition publicly.

14.    West is an individual that is engaged in the production and composition of music that is distributed worldwide over the Internet via, among other things, the "Stem Player," as referenced at https://www.stemplayer.com/, which music is available for purchase worldwide.

15.    Upon information and belief, West does business as "Yeezy Tech" in connection with the sale and distribution of the Stem Player.

16.    Upon information and belief, West owns or operates the website located at www.stemplayer.com, including but not limited to managing sales of the Stem Player.

17.    Kano is a United Kingdom corporation, which, upon information and belief, regularly does business in the United States and this State.

18.    Klein is the Cofounder and Chief Executive Officer of Kano, and is a credited co-creator of the Stem Player.

19.    Upon information and belief, Klein resides in the United Kingdom, and does substantial business in the United States and this State, including with respect to the creation and distribution of the Stem Player.

## FACTUAL BACKGROUND

20.    Among the many successful artists, writers and producers whose works are or have been published by UIMP is Marshall Jefferson.

21.    Marshall Jefferson—often referred to as the "Father of House Music" and one of "the most vital African American producers in House and Techno" —is a Chicago-native who

has used different movements throughout the decades to influence and create genre-defining songs.

22.     In 1986, Marshall Jefferson created "Move Your Body," which was first a hit in the Chicago club scene, and then later released by Trax Records.  "Move Your Body" has been subtitled and acclaimed "The House Music Anthem," and is claimed to be the first house song to ever use piano.

23.     West is a record producer, entrepreneur, fashion designer, and rapper.  West is also a Chicago-native.  Defendant first gained recognition in the music industry as a record producer in the early 2000s, producing singles for a variety of different artists.

24.     West released his first studio album, "The College Dropout," in 2004.  Since then, West has become one of the world's best-selling music artists, with over 160 million records sold.  West has sold music on a variety of platforms, including Spotify, Apple Music, and most recently, exclusively via the Stem Player.

25.     In February 2022, West released the song "Flowers" on the Stem Player as part of West's self-released album, *Donda 2* (the "Album").  To listen to any songs on the Album, including "Flowers," customers must purchase the Stem Player for $200.00.  The Stem Player is available to be sold to customers located in the United States, the European Union, Canada, New Zealand, and Australia.

26.     West also used "Flowers" as a means of promoting the Stem Player and the Album, including in a February 18, 2022 post to the official Instagram profile for the Stem Player, and during a live listening party in Miami on February 22, 2022.

14333665.1

27.     The Stem Player is a small portable MP3 player that is sold with the Album preloaded onto it.  One of the primary selling points of the Stem Player is that it allows users to isolate so-called "stems" and then "customize" songs by altering how those stems are used.  One of the "stems" that users can isolate on the Stem Player is the unauthorized sample of "Move Your Body."

28.     Upon information and belief, West created and currently distributes the Stem Player in collaboration with Klein and Klein's company, Kano.

29.     Upon information and belief, West, Klein, and Kano each have authority over the manner in which the Stem Player is sold, including the content included with that Stem Player.

30.     Upon information and belief, West, Klein, and Kano all profit from the sale of Stem Players.

31.     According to West, within only the first 24 hours of launching the Album, he sold 11,000 units of the stem player, which generated revenue of $2.2 million USD.

32.     Upon information and belief, sales of Stem Players loaded with the Album have continued since that time, resulting in millions of dollars of more revenue to West.

33.     Defendants, without license, authorization or permission from UIMP, has infringed on the Composition by producing "Flowers," which directly samples "Move Your Body" (the "Unauthorized Work") and has reproduced, distributed, and made the Unauthorized Work available to the public without license, authorization or permission by publishing the Unauthorized Work on the Stem Player.

34.     Upon information and belief, the Unauthorized Work was sold at least 11,000 times via purchase of the Stem Player with the entire Album.

6

14333665.1

35.     During discussions with representatives for Mr. Jefferson and UIMP, West and his representatives acknowledged that "Move Your Body" was sampled in "Flowers," and was done so without authorization or payment to UIMP or Marshall Jefferson.  Despite this acknowledgement, West has not ceased distribution of "Flowers."

36.     Defendants' conduct is willful and deliberate.  Defendants know and have been informed that they do not possess a license to utilize the Composition in the Unauthorized Work, and yet continue to willfully infringe in blatant disregard of UIMP's rights of ownership.

## COUNT I

## COPYRIGHT INFRINGEMENT

### [Against All Defendants]

37.     Plaintiff incorporates by reference each and every averment contained in paragraphs 1 through 36, inclusive.

38.     Based on the conduct alleged herein, Defendants have infringed UIMP's copyrights in the Composition, including by reproducing, distributing, adapting and digitally publicly performing the Composition without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

39.     Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of UIMP.

40.     As a direct and proximate result of the infringement by Defendants, UIMP is entitled to damages and to Defendants' profits in amounts to be proven at trial, and which are not currently ascertainable.  Alternatively, UIMP is entitled to maximum statutory damages of

14333665.1

$150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

41.     UIMP is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

42.     As a result of Defendants' acts and conduct, UIMP has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law.  UIMP is informed and believes, and on that basis avers, that unless enjoined and restrained by this Court, Defendants will continue to infringe UIMP's rights in the Composition. UIMP is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT II

## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

## [Against All Defendants]

43.     Plaintiff incorporates by reference each and every averment contained in paragraphs 1 through 37, inclusive.

44.     UIMP is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Composition as alleged herein.  Such conduct included, without limitation, installing the Unauthorized Work on a device that allows users to remix the Unauthorized Work and upload the remixed versions, which may also include the Composition, to a variety of online platforms, including YouTube.

14333665.1

45.     Upon information and belief, UIMP alleges that Defendants knew, or should have known, he, his agents, representatives, and customers were not authorized to publish the Composition in any capacity.

46.     Defendants are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.  Specifically, Defendants received revenue in connection with selling the Unauthorized Work, which incorporated the Composition, and was able to determine the accessibility and possibility of any alterations made to the Composition.

47.     By reason of the Defendants' acts of contributory and vicarious infringement as alleged above, UIMP has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial.

48.     Due to Defendants' acts of copyright infringement as alleged herein, Defendant has obtained profits he would not otherwise have realized but for his infringement of UIMP's rights in the Composition.  As such, UIMP is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of their rights in the Composition, in an amount to be established at trial.

49.     UIMP is informed and believes and thereon alleges that Defendants have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

14333665.1

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.      For a preliminary and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, representatives, affiliated companies and other business entities, successors, assigns, and those acting in concert with them or at their direction, from directly or indirectly infringing in any manner any right in and to the Composition, including without limitation by directly or indirectly reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner the Composition;

2.      For Defendants' profits and for damages in such amount as may be determined; alternatively, for maximum statutory damages in the amount of $150,000, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

3.      For Plaintiff's attorneys' fees and full costs;

4.      For prejudgment interest according to law; and

5.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

10

14333665.1

DATED:  New York, New York
                June 29, 2022

MITCHELL SILBERBERG & KNUPP LLP


By: /s/ Christine Lepera
        Christine Lepera (ctl@msk.com)
        Bradley J. Mullins (bym@msk.com)
        437 Madison Ave., 25th Floor
        New York, New York 10022-7001
        Telephone: (212) 509-3900
        Facsimile: (212) 509-7239

        *Attorneys for Ultra International Music
        Publishing, LLC*

14333665.1