**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ULTRA INTERNATIONAL MUSIC
PUBLISHING, LLC,

        Plaintiff,

vs.

KANYE WEST individually and d/b/a "Yeezy
Tech," ALEX KLEIN, KANO COMPUTING
LIMITED, and DOES 1 through 10,

        Defendants.

Case No.   1:22-cv-05560-AT

---

**MEMORANDUM OF LAW IN SUPPORT OF GREENBERG TRAURIG'S MOTION**
**FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT YE F/K/A**
**KANYE WEST, INDIVIDUALLY AND D/B/A "YEEZY TECH"**

Greenberg Traurig, LLP ("GT"), counsel of record for Defendant Ye f/k/a Kanye West, individually and d/b/a Yeezy Tech ("Defendant" or "Ye"), respectfully submits this Memorandum of Law and the accompanying declaration of Nina D. Boyajian ("Boyajian Decl.") in support of their motion for an order permitting GT (including all attorneys employed by GT) to withdraw as counsel for Defendant Ye.

## FACTUAL BACKGROUND

### A.     Procedural Background

On June 29, 2022, Plaintiff Ultra International Music Publishing, LLC filed suit against Defendant Ye, along with co-defendants Alex Klein and Kano Computing Limited, for alleged copyright infringement. (Dkt. 1.) Co-defendants Alex Klein and Kano Computing Limited are represented by Weil, Gotshal & Manges LLP. (Dkt. 19.)

On July 28, 2022, Defendant Ye, through GT, sought an extension of time to response to the Complaint (Dkt. 18), which request was granted on July 29, 2022, extending his deadline to respond from August 3, 2022 to September 2, 2022. (Dkt. 23.) Counsel for the parties then began settlement discussions, which lasted into October 2022. (Boyajian Decl. ¶¶3-5.) Over the course of those discussions, Defendant Ye, through GT, sought, and the Court granted, several other extensions of the deadline to respond to the Complaint, and the parties further sought and obtained an extension of the deadline to submit a joint letter and Case Management Plan and Scheduling Order to October 28, 2022. (Dkt. 27, 28, 32, 33.)[1] In its September 23, 2022 Order granting this extension, the Court noted that there would be "[n]o further extensions…granted absent good cause shown." (Dkt. 33.) On October 28, 2022, the parties filed their joint letter and Case Management Plan and Scheduling Order. (Dkt.

---

[1] More recently, the Court has granted another extension of Ye's deadline to respond to the Complaint to December 2, 2022. (Dkt. 41.)

36.) In the joint letter, GT noted that "[d]ue to recent events and Ye's counsel's inability to reach Ye or his representatives, Ye's counsel intends to seek to withdraw as counsel." (*Id.* at 2.)

### B.      Bases for Withdrawal

The bases justifying GT's withdrawal from this matter are set forth in detail in the Boyajian Declaration, which GT has sought to file under seal for *in camera* review. *See, e.g., Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426 (HB) (JLC), 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) ("[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and ... this method is viewed favorably by the courts.") (quoting *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006)); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97 Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

In sum, Defendant Ye has recently publicly made improper antisemitic remarks, resulting in his condemnation by and disassociation from various entities and persons that previously worked with or represented him. (Boyajian Decl. ¶6.) Because his prior management is no longer part of or affiliated with him, defense counsel has been unable to meaningfully communicate with him in order to represent him in this matter, including obtaining input on the latest settlement offer made by Plaintiff. (*Id.* ¶¶7-11.) As a result, Ye has made it unreasonably difficult for GT to continue as his counsel. (*Id.* ¶11; *see also id.* ¶12.)

## ARGUMENT

### A.      Legal Standard

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In considering a motion for withdrawal of counsel, District Courts analyze two factors: (1) the reasons for withdrawal, and (2) the impact of the withdrawal on the timing of the proceeding. *Ashmore v. CGI Grp., Inc.*, No. 11 Civ. 8611 (AT), 2013 WL 5863569, at \*1 (S.D.N.Y. Oct. 30, 2013) (Torres, J.) (citing *Blue Angel Films. Ltd. v. First Look Studios. Inc.*, No. 08 Civ 6469 (DAB) (JCF), 2011 WL 672245, at \*1 (S.D.N.Y. Feb. 17, 2011)). "Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quoting *In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)).

### B.      Satisfactory Reasons Exist for Counsel's Withdrawal

"It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (internal quotation marks omitted). "Satisfactory reasons" for withdrawal include "failure to pay legal fees, a client's lack of cooperation – including lack of communication with counsel, and 'the existence of an irreconcilable conflict between attorney and client.'" *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 WL 1963945, at \*1 (S.D.N.Y. Aug. 15, 2005) (quoting *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96 Civ. 2839 (RPP) (AJP), 1997 WL 661146, at \*2 (S.D.N.Y. Oct. 21, 1997)); *see also Naguib v. Pub. Health Sols.*, No. 12 Civ. 2561 (ENV) (LB), 2014 WL 2002824, at \*1 (E.D.N.Y. May 15, 2014) (granting motion to withdraw where the plaintiff refused to communicate and cooperate with counsel); *Liang v. Lucky Plaza Rest.*, No. 12. Civ. 5077 (PAC) (GWG), 2013 WL 3757036, at \*2 (S.D.N.Y. July 17, 2013) (granting motion to withdraw where the plaintiff refused to

cooperate in the prosecution of his case); *Munoz v. City of New York*, No. 04 Civ. 1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (finding plaintiff's counsel demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between [counsel] and the plaintiff"); *Fischer v. Biman Bangladesh Airlines*, No. 96 Civ. 3120 (SHS) (AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal."). Indeed, "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" to grant withdrawal. *Diarama Trading*, 2005 WL 1963945, at *2; *see also McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw where the "relationship between the parties has deteriorated beyond repair," although fault for that deterioration was disputed).

In this case, GT respectfully submits that the circumstances set forth above and in the Boyajian Declaration are sufficient to permit GT to withdraw from representing Ye.

**C.     Prosecution of the Suit Is Not Likely to Be Disrupted by Withdrawal of Counsel**

The "posture of the case," Local Civ. R. 1.4, is such that GT's withdrawal as counsel for Defendant should be permitted. Defendant has yet to file his answer, which is not due until December 2, 2022. (Dkt. 41.) Discovery has not yet commenced in earnest: initial disclosures have not yet been served and no discovery has been propounded. The close of fact discovery is not until February 24, 2023, and the close of expert discovery is not until April 17, 2023. (Dkt. 37.) No trial date has been set. In analogous situations, courts in this district routinely grant motions to withdraw as counsel. *See, e.g.*, *Ashmore*, 2013 WL 5863569, at *2 (Torres, J.) (granting motion to withdraw where "the case is not close to trial" and "discovery in this case is still pending," with "sufficient time [for client] to locate new counsel well before the close of discovery and trial"); *Freund v. Weinstein*, No. 08 Civ. 1469 (FB)

4

(MDG), 2009 WL 750242, at \*1 (E.D.N.Y. Mar. 19, 2009) ("[W]ithdrawal at this juncture will not substantially disrupt this litigation since discovery is in the early stages.").

### D.      GT Does Not Seek a Charging Lien

Pursuant to Local Civ. R. 1.4, Counsel states that they do not seek a charging lien in connection with their representation of Defendant.

### CONCLUSION

For the foregoing reasons, GT requests that the Court grant its motion and permit GT (including all attorneys employed by GT) to withdraw as counsel for Defendant Ye.

Dated:  November 2, 2022                     **GREENBERG TRAURIG, LLP**

By:  _/s/ Justin A. MacLean_
Justin A. MacLean
One Vanderbilt Avenue
New York, NY 10017
Tel: 212-801-3137
Email: Justin.MacLean@gtlaw.com

*Attorneys for Defendant Ye f/k/a Kanye West*