UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
ULTRA INTERNATIONAL MUSIC
PUBLISHING, LLC,

                Plaintiff,

-against-

KANYE WEST individually and d/b/a "Yeezy
Tech," ALEX KLEIN, KANO COMPUTING
LIMITED, and DOES 1 through 10,

                Defendants.
--------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/30/2022

22 Civ. 5560 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On November 2, 2022, counsel for Defendant, Kanye West, individually and d/b/a "Yeezy Tech," ("Ye") Greenberg Traurig, LLP ("GT"), filed a motion to withdraw as counsel of record in this matter. ECF No. 45; *see also* ECF Nos. 44, 46–47. On November 4, 2022, the Court ordered GT to submit an affidavit detailing all attempts to contact Ye. ECF No. 48. On November 7, 2022, GT did so. ECF Nos. 51–52. On November 10, 2022, the Court ordered GT to personally serve Ye with their motion to withdraw as his counsel by November 21, 2022. ECF No. 54. On November 18, 2022, GT filed proof of service on the docket. ECF Nos. 56–58. GT asserts that withdrawal is necessary in light of Ye's failure to cooperate in the prosecution of their case. *See* ECF No. 47 at 2–4. GT does not seek a charging lien. *Id.* at 5.[1]

    Local Civil Rule 1.4 governs withdrawal of counsel, and provides that an attorney of record may be relieved only by order of the court, and may not withdraw from a case without leave of the court granted by order. S.D.N.Y. Local Civ. R. 1.4. Such an order will only be granted upon a showing of "satisfactory reasons" for withdrawal. *Id.* "When considering whether to grant a motion to be relieved as counsel, district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 10 Civ. 2333, 2014 WL 1087934, at *1 (S.D.N.Y. Mar. 19, 2014) (quotation marks and citation omitted).

    GT has put forward satisfactory reasons for withdrawal. "A client's failure to cooperate with his attorney constitutes a satisfactory reason for the attorney's withdrawal." *Liang v. Lucky Plaza Rest.*, No. 12 Civ. 5077, 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (collecting cases) (quotation marks omitted). Moreover, granting the motion will not significantly affect the timing of this proceeding. Discovery in this case is still pending, and no trial date has been set. *Ashmore v. CGI Grp., Inc.*, No. 11

---

[1] GT also filed three letter motions to file declarations supporting their motion to withdraw under seal and *in camera*. ECF Nos. 43, 50, 55. The declarations GT seeks to seal contain confidential attorney-client communications, ECF Nos. 43–44, 50–51, and implicate significant privacy interests of non-parties, ECF Nos. 55–57. After reviewing GT's submissions, the Court concludes that GT has met its burden to demonstrate that the interests in filing these materials under seal outweigh the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). *See Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426, 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012); *Kim v. BTG Pactual Asset Mgmt. US, LLC*, No. 22 Civ. 3547, 2022 WL 4115955, at *2 (S.D.N.Y. Sept. 9, 2022). Accordingly, GT's requests to file ECF Nos. 44, 51, 56, and 57 under seal and *in camera* are GRANTED.

Civ. 8611, 2013 WL 5863569, at *2 (S.D.N.Y. Oct. 30, 2013), *judgment vacated in part on other grounds*, No. 11 Civ 8611, 2014 WL 1414314 (S.D.N.Y. Apr. 7, 2014).  Under these circumstances, GT's withdrawal will not result in meaningful delay.

Accordingly, GT's motion to withdraw as counsel is GRANTED.  By **December 14, 2022**, GT shall serve this Order on Ye by <u>personal service</u>, and by **December 21, 2021**, GT shall file proof of service on the docket.

Ye may wish to hire a new attorney, or proceed *pro se*—that is, on his own behalf.  By **January 4, 2023**, Ye shall inform the Court whether he has retained new counsel or will proceed *pro se*.  If Ye chooses to proceed *pro se*, by **January 4, 2023**, he shall provide the Pro Se Office for the Southern District of New York with the address and telephone number at which he can be reached by the Court.  The Pro Se Office is located at 500 Pearl Street, New York, New York 10007.  The telephone number for the Pro Se Office is (212) 805-0175.

Ye's time to answer or otherwise respond to the complaint shall remain stayed until thirty days after the filing of Ye's letter concerning his representation status.

The Clerk of Court is directed to terminate the motions at ECF Nos. 43, 45, 50, and 55.  The Clerk of Court is further directed to terminate GT[2] from the docket.

SO ORDERED.

Dated: November 30, 2022
    New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] On July 28, 2022, Justin Albano MacLean of GT filed a notice of appearance in this action.  ECF No. 17.  GT's motion to withdraw and its supporting papers are attributed to another GT attorney, Nina D. Boyajian.  *See, e.g.*, ECF Nos. 44–47, 50–53, 56–57, 58.  This Order applies to GT counsel representing Ye in this action.