**Weil,**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/1/2022
```

+1 212 310 8007 fax

December 1, 2022

**Todd Larson**
+1 (212) 310-8238
Todd.Larson@weil.com

**SUBMITTED VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re: *Ultra International Music Publishing, LLC v. Kanye West individually and d/b/a "Yeezy Tech," et al.*, Case No. 1:22-cv-05560 (AT)

Dear Judge Torres:

I write on behalf of Defendants Kano Computing Limited and Alexander Klein in the above-captioned action. Yesterday afternoon, the Court granted Greenberg Traurig, LLP's motion to withdraw as counsel of record for Defendant Kanye West, individually and d/b/a "Yeezy Tech" ("Ye"). Dkt. 59. The Court also again stayed Ye's time to answer or otherwise respond to the Complaint filed by Plaintiff Ultra International Music Publishing, LLC until thirty days after Ye informs the Court of his representation status, which Ye is ordered to do no later than January 4, 2023. *Id.*

Pursuant to Sections I.B. and I.C. of Your Honor's Individual Practices, and for good cause, Kano and Mr. Klein respectfully request that the Court similarly stay both Kano's and Mr. Klein's dates to respond to the Complaint (December 2, 2022, and December 13, 2022, respectively) until the same date as Ye, i.e., thirty days after Ye informs the Court of his representation status. This is Mr. Klein's first request for an extension of time to respond to the Complaint, and Kano's fifth. The Court has granted Kano's previous requests for good cause shown. *See* Dkt. 24, 30, 33, 42.

Kano and Mr. Klein respectfully submit that the rationale of Kano's prior extension requests continues to exist and provides good cause for a further extension. The core allegation in the Complaint is that Ye included an unauthorized sample of Plaintiff's copyrighted work in a recording subsequently made available via Kano music players. Given Ye's central role in the alleged infringing activity, it would be both logical and efficient to maintain the same response deadlines for all three defendants, rather than requiring Kano and Mr. Klein to respond to the Complaint earlier (perhaps several months earlier) than Ye. Further, Ye's current lack of counsel has made it impossible for Kano or Mr. Klein to communicate or coordinate with Ye in defending against the allegations in the Complaint—a situation that may be

rectified by allowing Kano and Mr. Klein to respond after Ye secures counsel. Moreover, if the Court grants Kano's and Mr. Klein's extension requests, there would be no delay to the proceeding or prejudice to any other parties, as the schedule will necessarily be tied to Ye's counsel decision in any event. (As the Court highlighted in its order granting GT's motion to withdraw, discovery is still pending and no trial date has been set.)

Plaintiff, through counsel, has indicated that it does not take a position with respect to the requested extension, and neither consents nor objects to Kano's and Mr. Klein's requests.

I appreciate the Court's attention to this urgent matter.

Respectfully submitted,

/s/ *Todd Larson*

Todd Larson

cc: Counsel of Record

> GRANTED in part, DENIED in part. By **February 3, 2023**, Defendants Kano Computing Limited and Alex Klein shall answer or otherwise respond to the complaint. In addition, by **January 18, 2023**, the parties shall advise the Court on the status of this action.
>
> SO ORDERED.
>
> Dated: December 1, 2022
> New York, New York
>
> ANALISA TORRES
> United States District Judge