

Justin MacLean
Tel 212.801.3137
Fax 212.309.9537
Justin.MacLean@gtlaw.com

December 12, 2022

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re:   *Ultra International Music Publishing, LLC v. Kanye West individually and d/b/a "Yeezy Tech," et al.*, Case No. 1:22-cv-05560 (AT)

Dear Judge Torres:

Greenberg Traurig, LLP ("GT") represented Defendant Ye, formerly known as Kanye West, individually and d/b/a "Yeezy Tech" ("Ye") in the above-captioned action. On November 30, 2022, Your Honor granted GT's motion to withdraw as counsel (Dkt. 59, "Order"), and further ordered that GT personally serve Ye with the Order by December 14, 2022. (*Id.* at 2.) Pursuant to Sections I.B. and I.C. of Your Honor's Individual Practices, GT requests a ten-day extension of this deadline, to December 24, 2022. This is GT's first request for such an extension. GT has conferred with counsel for Plaintiff and co-defendants Alex Klein and Kano Computing, Inc., who consent to the requested relief.

Good cause exists for GT's requested extension. GT moved to withdraw as Ye's counsel given, *inter alia*, GT's inability to reach Ye or his representatives in order to meaningfully communicate and represent him in this matter. (Dkt. 44; Dkt. 47 at 2; Dkt. 51.) GT was finally able to contact Ye and personally serve him with GT's motion to withdraw. (*See* Dkt. 57 ¶¶ 9-11.) As detailed in the Declaration of Nina Boyajian filed concurrently herewith ("Fourth Boyajian Declaration"), after this Court issued its November 30 Order, GT contacted Ye to serve the Order in the same way. However, Ye ceased responding to GT's attempts to contact him, and despite diligent efforts and the use of a process server, GT has been unable to locate Ye or serve him at the addresses that GT previously understood Ye to frequent. (Fourth Boyajian Decl. ¶¶ 3-9.) Accordingly, GT has been unable to personally serve Ye with the Order, and thus requests the extension to obtain additional time to attempt personal service.

In addition and/or in the alternative, GT respectfully requests relief from the Court's requirement to serve Ye personally, and leave to serve the Order on Ye by text message, by itself or in connection with a "multi-pronged approach to service." *Marvici v. Roche Facilities*

December 12, 2022
Page 2

*Maintenance LLC*, 2021 WL 5323748, at *4 (S.D.N.Y. Oct. 6, 2021). With respect to service of a summons, Fed. R. Civ. P. 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction brought in the state where the district court is located [here, New York] or where service is made [here, California]." "California Code of Civil Procedure § 413.30 provides for alternative service 'in a manner which is reasonably calculated to give notice to the party to be served and that proof of such service be made as prescribed by the court.'" *Discord, Inc. v. Discord Sound*, 2020 WL 553886, at *2 (N.D. Cal. Feb. 4, 2020) (quoting Cal. Code Civ. Proc. § 413.30)). "[A]lternative means of service are permissible pursuant to Rule 4(e)(1) and Cal. Civ. Proc. Code § 413.30 when plaintiffs' reasonable attempts to effect service via expressly sanctioned techniques have failed." *Creative Intellects v. Haygood*, 2021 WL 3568237, at *2 (C.D. Cal. July 23, 2021) (citing *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2-3 (N.D. Cal. Mar. 27, 2012)). Under New York law, "service may be effectuated 'in such manner as the court, upon motion without notice, directs, if service is impracticable' under the other specified methods of service." *Marvici*, 2021 WL 5323748, at *2 (quoting N.Y.C.P.L.R. § 308(5)). In either case, to comport with Due Process, any means of service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

As described in the Fourth Boyajian Declaration, GT's reasonable attempts at personal service of Ye has failed, and GT has demonstrated that personal service of Ye is impracticable. (*See* Fourth Boyajian Decl. ¶¶ 3-9.) Furthermore, service by text message is reasonably calculated give notice to Ye of the Order. Indeed, GT had been able to communicate with Ye by text message to inform Ye of GT's withdrawal and coordinate personal service of GT's motion to withdraw (*see, e.g.*, Dkt. 44 ¶ 10; Dkt. 57 ¶ 8), and had further been able to communicate with Ye as recently as December 8 to attempt to arrange for personal service of the Order. (*See* Fourth Boyajian Decl. ¶ 4.) While Ye had stopped responding to GT's communications by text after that date, every indication suggests that Ye has *received* GT's attempted communications. (*See id.* ¶¶ 4, 6.) As the court held in *Marvici*, "personal cell phone numbers, generally speaking, are uniquely tethered to their holders, and tend to be durable, such that there is little risk that some other user now uses [Ye's] phone number." *Marvici*, 2021 WL 5323748, at *3. Moreover, "[s]ervice by alternative means is all the more reasonable where a defendant demonstrably already has knowledge of the lawsuit." *Id.* at *5. In this case, not only does Ye have knowledge of the lawsuit, he has knowledge of—and was personally served with—GT's motion to withdraw.

Accordingly, GT's proposed means of alternative service comports with Due Process. While in *Marvici*, the court expressed reservations about whether service by text message *alone* would comport with Due Process, *see* 2021 WL 5323748, at *4, the circumstances in this case are much different than in *Marvici*. GT has *in fact* successfully communicated with Ye about its withdrawal from this litigation by text, and has personally served Ye with its motion to withdraw. Moreover, the Court has already granted GT's motion, rendering irrelevant any further "opportunity [for Ye] to present [his] objections." *Mullane*, 339 U.S. at 314. Nonetheless, to the extent the Court finds service by text insufficient by itself, GT submits that service by text as part of a "multi-pronged approach to service," *Marvici*, 2021 WL 5323748, at *4, would be appropriate. To that end, GT is prepared to also serve Ye by any of the methods it has previously used to attempt

December 12, 2022
Page 3

to communicate with Ye, directly or indirectly, aside from personal service (*see, e.g.*, Dkt. 51 ¶¶ 19-26)—even though GT submits that service by these alternate means are *less* likely to provide notice to Ye than service by text message.

Finally, GT has been diligent in attempting to personally serve Ye with the Order. (*See* Fourth Boyajian Decl. ¶¶ 3-9.) Additionally, GT respectfully submits that no party will suffer prejudice if the extension and request to serve via text are granted. As the Court noted in granting GT's motion to withdraw, "[d]iscovery in this case is still pending, and no trial date has been set." (Dkt. 59 at 1.)

For the foregoing reasons, GT respectfully requests that the Court grant GT's request for an extension of time to personally serve Ye with the Order, and/or for leave to serve Ye by text.

We thank the Court for its attention and courtesies.

Respectfully Submitted,