UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ULTRA INTERNATIONAL MUSIC
PUBLISHING, LLC,

                Plaintiff,

-against-

KANYE WEST individually and d/b/a "Yeezy Tech," ALEX KLEIN, KANO COMPUTING LIMITED, and DOES 1 through 10,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/14/2022_

22 Civ. 5560 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed the letters from Greenberg Traurig, LLP ("GT"), former counsel for Defendant, Kanye West, individually and d/b/a "Yeezy Tech" ("Ye"), dated December 12, 2022. ECF Nos. 63–66. GT "requests a ten-day extension of [the Court's] deadline" to personally serve Ye with the Court's November 30, 2022 order granting GT's motion to withdraw as Ye's counsel, ECF No. 59. ECF No. 64 at 1. GT also requests leave to serve Ye via text message. ECF No. 64. GT's request for a ten-day extension is GRANTED, and GT's request to serve Ye via text message is DENIED, without prejudice to renewal.

    GT also filed a letter motion requesting to file a declaration supporting their extension request under seal and *in camera*. ECF No. 63. The declaration GT seeks to seal contains confidential attorney-client communications. *Id.*; *see also* ECF No. 65. After reviewing GT's submission, the Court concludes that GT has met its burden to demonstrate that the interests in filing these materials under seal outweigh the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). *See Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426, 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012). Accordingly, GT's request to file ECF No. 65 under seal and *in camera* is GRANTED.[1]

    The Clerk of Court is directed to terminate the motions at ECF Nos. 63 and 64.

    SO ORDERED.

Dated: December 14, 2022
       New York, New York

                                        ANALISA TORRES
                              United States District Judge

---

[1] This Order resolves GT's request that the Court "excuse GT from serving the [declaration] on the other parties to this litigation or their counsel." ECF No. 63 at 1. GT is excused from doing so.