

Justin MacLean
Tel 212.801.3137
Fax 212.309.9537
Justin.MacLean@gtlaw.com

December 21, 2022

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re:   *Ultra International Music Publishing, LLC v. Kanye West individually and d/b/a "Yeezy Tech," et al.*, Case No. 1:22-cv-05560 (AT)

Dear Judge Torres:

    Greenberg Traurig, LLP ("GT") represented Defendant Ye, formerly known as Kanye West, individually and d/b/a "Yeezy Tech" ("Ye") in the above-captioned action. On November 30, 2022, Your Honor granted GT's motion to withdraw as counsel (Dkt. 59, "Order"), and further ordered that GT personally serve Ye with the Order. (*Id.* at 2.), The current deadline to personally serve Ye is December 24, 2022. (Dkt. 67.) Pursuant to Sections I.B. and I.C. of Your Honor's Individual Practices, GT requests a sixteen-day extension of the deadline to serve Ye, to January 9, 2022. In addition, GT renews its request for leave to serve the Order on Ye by text message. This is GT's second request for an extension of time to effect service and for leave to serve Ye by text. GT's previous request for an extension was granted, but its request to serve by text was denied without prejudice. (Dkt. 67.) GT has conferred with counsel for Plaintiff and co-defendants Alex Klein and Kano Computing, Inc., who consent to the requested relief.

    Good cause exists for GT's requested extension. GT's continued attempts to effect personal service on Ye are set forth in the Declaration of Nina Boyajian, filed concurrently herewith ("Fifth Boyajian Declaration"). As set forth in the Fifth Boyajian Declaration, despite further diligent efforts and the use of a process server, GT has still been unable to locate Ye or serve him at the addresses that GT previously understood Ye to frequent. (Fifth Boyajian Decl. ¶¶ 3-10.) GT's previous attempts at communicating with Ye and his representatives are set forth in previous declarations submitted by Ms. Boyajian. (*See* Dkt. 44, 51, 57, 65.) Accordingly, GT has been unable to personally serve Ye with the Order, and thus requests the extension to obtain additional time to attempt service.

    In addition and/or in the alternative, GT respectfully renews its request for leave to serve the Order on Ye by text message, understanding that the Court denied GT's first request without

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

ACTIVE 684161022v1                                                                                                                         www.gtlaw.com

December 21, 2022
Page 2

prejudice. GT respectfully submits that *additional* good cause exists to grant leave to serve the Order by text. The developments described in the Fifth Boyajian Declaration *further* show that personal service is all the more "impracticable," *see Marvici v. Roche Facilities Maintenance LLC*, 2021 WL 5323748, at *2 (S.D.N.Y. Oct. 6, 2021) (quoting N.Y.C.P.L.R. § 308(5)), than it was at the time of GT's first request, and that additional "reasonable attempts to effect service via expressly sanctioned techniques have failed." *Creative Intellects v. Haygood*, 2021 WL 3568237, at *2 (C.D. Cal. July 23, 2021).

Moreover, as set forth in GT's first request, service of the Order on Ye by text would comport with Due Process. Such service is "reasonably calculated, under all circumstances, to apprise [Ye] of the pendency of the action and afford [him] an opportunity to present [his] objections," *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)—especially considering the additional circumstances described in the Fifth Boyajian Declaration. And, as set forth in GT's first request, Ye clearly has knowledge of the lawsuit and was personally served with GT's motion to withdraw. *See Marvici*, 2021 WL 5323748, at *5 ("Service by alternative means is all the more reasonable where a defendant demonstrably already has knowledge of the lawsuit."). And, due to the communications described in the Fifth Boyajian Declaration, it is further likely that Ye, as a factual matter, has knowledge of the Order itself.

Finally, GT has continued to be diligent in attempting to personally serve Ye with the Order. (*See* Fifth Boyajian Decl. ¶¶ 3-10.) Additionally, GT respectfully submits that no party will suffer prejudice if the extension and request to serve via text are granted. As the Court noted in granting GT's motion to withdraw, "[d]iscovery in this case is still pending, and no trial date has been set." (Dkt. 59 at 1.)

For the foregoing reasons, GT respectfully requests that the Court grant GT's request for an extension of time to serve Ye with the Order, and/or for leave to serve Ye by text.

We thank the Court for its attention and courtesies.

Respectfully Submitted,