

Justin MacLean
Tel 212.801.3137
Fax 212.309.9537
Justin.MacLean@gtlaw.com

January 13, 2023

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re:    *Ultra International Music Publishing, LLC v. Kanye West individually and d/b/a "Yeezy Tech," et al.*, Case No. 1:22-cv-05560 (AT)

Dear Judge Torres:

    Pursuant to the Court's December 23, 2022 Order (Dkt. 72 ("December 23 Order")), Greenberg Traurig, LLP ("GT") respectfully requests a third extension of time to serve Defendant Ye f/k/a Kanye West, individually and d/b/a "Yeezy Tech" ("Ye"), and for leave to serve Ye by alternative means. As explained below, this request should be granted because Ye has actual notice of this Order through prior correspondence with GT and has thus far evaded service despite GT's best efforts, including by deactivating the cell phone number GT previously used to contact Ye.

**I.    Background**

    GT previously represented Ye in this action. On November 30, 2022, Your Honor granted GT's motion to withdraw as counsel (Dkt. 59, "Withdrawal Order"), and further ordered that GT personally serve Ye with the Withdrawal Order (*id.* at 2). On December 12 and December 21, 2022, GT requested extensions of time to personally serve Ye and leave to serve Ye by text message. (Dkt. 64, 69.) The Court granted the requests for extensions of time to personally serve Ye with the Withdrawal Order—most recently, until January 9, 2023—but denied without prejudice GT's request to serve Ye by text message. (Dkt. 67, 72.) In the Court's December 23 Order, Your Honor ordered that "[i]f GT is unable to personally serve Ye by January 9, 2023, by January 13, 2023, GT shall file a letter describing its efforts to personally serve Ye and outlining a specific proposal for alternative service that comports with due process." (*Id.*)

    As outlined in the Declaration of Nina Boyajian, filed concurrently herewith ("Boyajian Declaration"), GT has expended significant efforts to personally serve Ye with the Withdrawal Order but has been unable to effectuate service. Since the Court's December 23 Order, counsel has had attempted to arrange for personal service through one of Ye's representatives. (Boyajian Decl. ¶¶ 9-

January 13, 2023
Page 2

12.) Those attempts were not fruitful, and that representative no longer works for Ye. (Boyajian Decl. ¶¶ 9, 11-12.) GT also tried to contact Ye directly via the last known cell phone number GT had to arrange for personal service. (Boyajian Decl. ¶ 10.) This was also unsuccessful, as Ye has apparently deactivated the phone number previously used to contact him. (*Id.*) GT's inability to serve Ye mirrors that of the plaintiff in *Thomas St. John, Inc. v. Kanye West, et al.*, 22-SM-CV-02012 (L.A. Cnty. Super. Ct.) ("*Thomas St. John*"), where the plaintiff has documented similar unsuccessful attempts to serve Ye and has sought an extension of time to accomplish the same. *See Thomas St. John*, Ex Parte Application for Extension of Time to Serve Pleading and Orders (Dec. 19, 2022), attached as **Exhibit 1** hereto. GT has contacted counsel for the plaintiff in *Thomas St. John*, who has confirmed that they have yet to accomplish service. (Boyajian Decl. ¶ 13.)

GT thus requests an extension of the deadline to serve Ye up through and until February 9, 2023. In addition, GT requests leave to serve the Withdrawal Order on Ye by alternative means, including (1) publication in two Los Angeles area newspapers and (2) mailing the Withdrawal Order to two possible addresses likely to be Ye's California residences identified in *Thomas St. John*: 2470 Stokes Canyon Rd, Calabasas, CA 91302, and 24844 Malibu Rd, Malibu, CA 90265.[1] This is GT's third request for an extension of time to effect service and for leave to serve Ye via alternative means. GT has conferred with counsel for Plaintiff and co-defendants Alex Klein and Kano Computing, Inc., who consent to the requested relief.

## II.    Argument

### A.    Good Cause Exists to Extend the Time to Serve Ye

Given GT's diligent efforts personally serve Ye, good cause exists for the requested extension. GT has dispatched process servers to the addresses it previously knew Ye to frequent, and has exhausted all methods of contacting Ye to arrange for service, including through Ye's legal representatives and through Ye directly. (Boyajian Decl. ¶¶ 1-12; *see also* Dkt. 65, 70.) Accordingly, GT has been unable to personally serve Ye with the Order, and thus requests an extension to allow for additional time to attempt service.

### B.    Alternative Service Is Appropriate Given GT's Diligent Efforts to Serve Ye

Under Federal Civil Procedure Rule 4(e)(1), service of a summons may occur by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located (here, New York) or where service is made (here, California). New York law permits a plaintiff to serve a summons and complaint "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section [i.e., personal service, 'leave and mail,' or 'nail and mail']." CPLR § 308(5). The meaning of "impracticable" depends on the facts and circumstances of the particular case. *Rampersad v. Deutsche*

---

[1] Based on publicly available information, both of these addresses are associated with Ye. *See* https://opencorporates.com/companies/us_ca/4781923; https://manofmany.com/living/architecture/kanye-west-house-malibu. According to Exhibit 1, counsel for plaintiff attempted to serve Ye by mail at a third potential address of residence, but that mailing was returned as undeliverable.

*Bank Sec., Inc.*, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003). Satisfying the impracticability standard "does not require the applicant to satisfy the more stringent standard of 'due diligence' under CPLR 308(4), or to make a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." *State St. Bank & Tr. Co. v. Coakley*, 790 N.Y.S.2d 412, 413 (2d Dep't 2005). Instead, plaintiff "'must make some showing that the other prescribed methods of service could not be made.'" *SEC v. Nnebe*, 2003 WL 402377, at *3-4 (S.D.N.Y. Feb. 21, 2003) (quoting *Markoff v. South Nassau Community Hosp.*, 91 A.D.2d 1064, 1065, 458 N.Y.S.2d 672 (App. Div. 1983)).

When usual methods of service prove impracticable, a Court may order alternative service that comports with Due Process—*i.e.*, in a way that is "reasonably calculated, under all the circumstances, to apprise [the] interested party of the pendency of the action"—will suffice. *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, (1950); *see Hollow v. Hollow*, 193 Misc. 2d 691, 695-97, 747 N.Y.S.2d 704 (N.Y. Sup. Ct. 2002).

Alternative service is necessary because personal service is impracticable by traditional means. GT has been unable to locate Ye for personal service despite its best efforts. As explained above and in the Boyajian Declaration, GT has tried to arrange for personal service by dispatching process servers to his last known location and using all available means to contact Ye and his representatives since November but has not been successful. (Boyajian Decl. ¶¶ 1-12.) "Courts have found a showing of impracticability, and have authorized alternative service, where the defendant could not be located by means of a diligent search." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365-66 (E.D.N.Y. 2016).[2] Moreover, other litigants have tried and failed to serve Ye after extensive efforts to accomplish the same. *See* Exhibit 1 hereto. GT has contacted counsel for the plaintiff in *Thomas St. John*, who has confirmed that they have yet to accomplish service. (Boyajian Decl. ¶ 13.)

GT's request for leave to serve the Withdrawal Order on Ye via alternative service also comports with Due Process and CPLR § 308(5), because it is reasonably calculated to apprise Ye of the Order. GT proposes a multipronged approach to serve the Withdrawal Order on Ye: (1) by publication, and (2) by mail, to two possible addresses likely to be Ye's California residences identified in *Thomas St. John*. Publication of the Withdrawal Order's contents in two Los Angeles-area newspapers, where Ye appears to reside, will also apprise him of the Withdrawal Order. Given Ye's public status, publication of the Withdrawal Order will likely garner significant media attention, resulting in broader publication and provide an even greater likelihood of apprising Ye of the Order.

Courts have authorized service by publication notice under § 308(5). *See, e.g.*, *Johnson v. Reece*, No. 22 Civ. 3780 (AT), Dkt. 14 (S.D.N.Y. Sept. 14, 2022) (Torres, J.) (finding leave to serve by publication was warranted after diligent and repeated efforts to serve the party were made); *Nnebe*, 2003 WL 402377, at *4; *SEC v. HGI, Inc.*, 1999 WL 1021087, at *2 (S.D.N.Y. Nov. 8, 1999) (citing

---

[2] *See also, e.g.*, *Cengage Learning, Inc. v. Xuhong Wang*, 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017) ("service by traditional methods is clearly impracticable, as Plaintiffs have been unable to locate the whereabouts of any of the Defendants"); *Experience Hendrix, LLC v. Hendrix*, 2020 WL 6891519, at *1-2 (S.D.N.Y. Nov. 23, 2020) ("plaintiffs here have more than shown the impracticability of traditional service – the plaintiffs have shown that actual prior attempts, performed with due diligence, have been unsuccessful."); *Zavala v. Top Shelf Elec. Corp.*, 2021 WL 3159849, at *1 (S.D.N.Y. June 14, 2021) (similar).

January 13, 2023
Page 4

cases); *Urbont v. Sony Music Ent.*, 2012 WL 1592519, at *3 (S.D.N.Y. May 4, 2012). Service by alternative means is also appropriate because Ye has knowledge of the lawsuit and was personally served with GT's motion to withdraw. *See Marvici v. Roche Facilities Maintenance LLC*, 2021 WL 5323748, at *5 (S.D.N.Y. Oct. 16, 2021) ("Service by alternative means is all the more reasonable where a defendant demonstrably already has knowledge of the lawsuit.").

Worse yet, Ye has apparently deactivated the phone number GT previously used to contact him personally, which has frustrated GT's efforts to serve Ye. The Second Circuit has noted that service by publication is particularly appropriate when, as here, there are indications that a defendant has engaged in "deliberate avoidance and obstruction" to prevent service. *SEC v. Tome*, 833 F.2d 1086, 1092 (2d Cir. 1987); *Urbont*, 2012 WL 1592519, at *3 (S.D.N.Y. May 4, 2012) (same).

GT would also attempt to serve Ye by mail at two possible addresses likely to be Ye's California residences identified in *Thomas St. John*. In general, courts have authorized alternative service via certified mail to a last known address. *See, e.g.*, *Ferrarese*, 164 F. Supp. at 366 (S.D.N.Y. 2016) (citations omitted). GT proposes this multipronged approach in a good faith, "belt-and-suspenders" effort to serve the Withdrawal Order on Ye.

Finally, GT respectfully submits that no party will suffer prejudice if the extension and request to serve via alternative methods are granted. Discovery in this case is still pending, and no trial date has been set. (Dkt. 37.) Indeed, reminding Ye of this action and his lack of counsel would be in both Ye's and Plaintiff's interests.

\*   \*   \*

For the foregoing reasons, GT requests that the Court grant GT's request for an extension of time to serve Ye with the Withdrawal Order and for leave to serve Ye via publication and mail.

We thank the Court for its attention and courtesies.

Respectfully Submitted,

Justin A. MacLean

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 12/19/2022 01:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Young II,Deputy Clerk

Case 1:22-cv-05560-AT   Document 73   Filed 01/13/23   Page 6 of 28

**CM-020**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Justin M. Goldstein (SBN 198858) Ruth M. Kwon (SBN 334076)<br>SKLAR KIRSH LLP<br>1880 Century Park East, Suite 300<br>Los Angeles, California 90067<br><span style="padding-left:2em"></span>TELEPHONE NO.: (310) 845-6416<span style="padding-left:2em"></span>FAX NO. *(Optional):* (310) 929-4469<br>E-MAIL ADDRESS *(Optional):* jgoldstein@sklarkirsh.com; rkwon@sklarkirsh.com<br>ATTORNEY FOR *(Name):* Plaintiff Thomas St. John, Inc. | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
<span style="padding-left:2em"></span>STREET ADDRESS: 1725 Main Street
<span style="padding-left:2em"></span>MAILING ADDRESS: 1725 Main Street
<span style="padding-left:2em"></span>CITY AND ZIP CODE: Santa Monica, CA 90401
<span style="padding-left:2em"></span>BRANCH NAME: Santa Monica Courthouse

PLAINTIFF/PETITIONER: Thomas St. John, Inc.

DEFENDANT/RESPONDENT: Yeezy LLC, et al.

| | |
|---|---|
| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE<br>PLEADING AND ☒ ORDER EXTENDING TIME TO SERVE AND<br>☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>22SMCV02012 |
| **Note: This ex parte application will be considered without a personal appearance.<br>(See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE: None set<br>DEPT.:<span style="padding-left:4em"></span>TIME: |

1. Applicant *(name):* Thomas St. John, Inc.

<span style="padding-left:1em"></span>is
<span style="padding-left:1em"></span>a. ☒ plaintiff
<span style="padding-left:1em"></span>b. ☐ cross-complainant
<span style="padding-left:1em"></span>c. ☐ petitioner
<span style="padding-left:1em"></span>d. ☐ defendant
<span style="padding-left:1em"></span>e. ☐ cross-defendant
<span style="padding-left:1em"></span>f. ☐ respondent
<span style="padding-left:1em"></span>g. ☐ other *(describe):*

2. The complaint or other initial pleading in this action was filed on *(date):* October 21, 2022

3. Applicant requests that the court grant an order extending time for service of the following pleading:

<span style="padding-left:1em"></span>a. ☒ Complaint
<span style="padding-left:1em"></span>b. ☐ Cross-complaint
<span style="padding-left:1em"></span>c. ☐ Petition
<span style="padding-left:1em"></span>d. ☐ Answer or other responsive pleading
<span style="padding-left:1em"></span>e. ☒ Other *(describe):* Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; and Notice of Case Management Conference.

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date):* 12/21/2022

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:

<span style="padding-left:1em"></span>a. ☒ None
<span style="padding-left:1em"></span>b. ☐ The following *(describe all, including the length of any previous extensions):*

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each):*
<span style="padding-left:1em"></span>YEEZY LLC, a Delaware Limited Liability Company; KANYE WEST, an individual

**Page 1 of 2**

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CM-020 [Rev. January 1, 2008] | **EX PARTE APPLICATION FOR EXTENSION OF TIME<br>TO SERVE PLEADING AND ORDERS** | Cal. Rules of Court,<br>rules 3.110, 3.1200–3.1207<br>*www.courtinfo.ca.gov* |

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| Thomas St. John, Inc. v. Yeezy LLC, et al. | 22SMCV02012 |

7.  The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:
See Attachment 7.

☒  Continued on Attachment 7.

8.  An extension of time to serve and file the pleading should be granted for the following reasons:
See Attachment 8.

☒  Continued on Attachment 8.

9.  If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:
March 31, 2023.

10. Notice of this application under rules 3.1200–3.1207 ☒ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons)*:

We sent defendants notice of this application by United Stated Postal Service First Class Mail on Monday December 19, 2022, at the addresses of defendants currently available to us. No notice was sent to defendants' counsel because we believe they are not represented by counsel.

☐  Continued on Attachment 10.

11. Number of pages attached: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/19/2022

Ruth M. Kwon, Esq.
Attorney for Plaintiff
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

►

(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

**Order on Application is   ☒ below   ☐ on a separate document.**

## ORDER

1.  The application for an order extending time to serve and file the pleading is   ☐ granted   ☐ denied.

2.  The pleading must be served and filed no later than *(date)*:

3.  ☐   The case management conference is rescheduled to:
    a.  Date:
    b.  Time:
    c.  Place:

4.  Other orders:

5.  A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

**Attachment 7**

Prior to filing the complaint, we were in contact with defendants' then-current counsel. Shortly before the complaint was filed, we informed counsel of our intent to file the complaint.  At that time, counsel advised that they were no longer representing defendants. We asked for information about defendants' new counsel and requested they be informed about our complaint, so that we could be in contact with them. We were advised about a new law firm for defendants, but not a specific point of contact.  We subsequently learned of information in the news that the law firm identified as new counsel was not affiliated with defendants. We were not contacted by new counsel at any time. Accordingly, we have not been able to serve defendants through their counsel.

As a general matter, we have had difficulty confirming the best current address of Kanye West (also known as Ye) ("Mr. West"), and (as discussed below) the address for the current agent for service of process for Yeezy, LLC ("Yeezy") on the Secretary of State website did not appear to be correct.

On November 2, 2022, we had a process server from USA Legal Network[1] affect personal service on Yeezy, LLC, based on the address for the agent for service of process listed on Yeezy LLC's 2022 Statement of Information, filed with the California Secretary of State. (*See* Exhibit A.)  After a diligent attempt, the process server was unable to execute service on the agent for service of process for Yeezy, who appeared to no longer be occupying the office address listed on the 2022 California state filing. (*See* Exhibit B.)

For Mr. West, despite our diligent efforts, we were unable to ascertain his current residential address, and therefore, have not yet made attempts to serve him personally. Instead, we have attempted to service him by mail at multiple possible addresses.

On December 1, 2022, pursuant to California Code of Civil Procedure, section 415.30 (a), we sent by United States Postal Service First Class Mail the service of summons—with the complaint, two copies of the notice and acknowledge and a return envelope, postage prepaid, addressed to us— to Yeezy at the address listed for the agent for service of process on its 2020 California state filing (*see* Exhibit E) and to Mr. West at three separate addresses we believed were the addresses most likely to be his California residence. (*See* Exhibit C.)

On December 9, 2022, one of our mailings to Mr. West (at the 24900 Eldorado address) was returned to us as non-forwardable. (*See* Exhibit D.)

On December 19, 2022, we sent by United States Postal Service First Class Mail the service of summons—with the complaint, two copies of the notice and acknowledge and a return envelope, postage prepaid, addressed to us— to Yeezy at the address listed for the agent for service of process on its 2022 California state filing. (*See* Exhibits B and F.)

---

[1] 800 W. 1st Street, Suite 200B, Los Angeles, CA 90012, (213) 607-9000.

We will continue to make diligent and reasonable attempts to serve defendants pursuant to California Code of Civil Procedure, section 415.10 *et seq*.

**Attachment 8**

We have made diligent attempts to serve both defendants. We are currently waiting to see whether defendants will return their signed notice and acknowledgement.  Because only one of three residential mailings have been returned to us, we are hopeful that the other two mailings to Mr. West were effective in notifying him about this lawsuit.  We are also hopeful that the mailing to Yeezy reached the agent for service of process.

We are concerned that even if the mailings reached defendants, they will not return the signed acknowledgement of receipt, especially since they appear to be without counsel.  If those signed acknowledgement of receipt are not timely returned, we will hire appropriate agencies to help us locate defendants and personally serve them.  Because of Mr. West's celebrity status and his own interests in protecting his privacy and information about where he resides, additional time and resources are needed to ascertain his whereabout for personal service, and additional time and resources are needed to attempt other forms of service.

# Exhibit A

**Secretary of State**
**Statement of Information**
(Limited Liability Company)

LLC-12

22-A51592

# FILED

**In the office of the Secretary of State
of the State of California**

**JAN 26, 2022**

This Space For Office Use Only

**IMPORTANT —** This form can be filed online at
bizfile.sos.ca.gov.

Read instructions before completing this form.

**Filing Fee  - $20.00**

**Copy Fees -** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Limited Liability Company Name** (Enter the **exact** name of the LLC.  If you registered in California using an alternate name, see instructions.)

YEEZY LLC

| **2. 12-Digit Secretary of State Entity Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201613910148 | DELAWARE |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>6 Centerpointe Dr, Ste 620 | La Palma | CA | 90623 |
| b. Mailing Address of LLC, **if different than item 4a**<br>6 Centerpointe Dr, Ste 620 | La Palma | CA | 90623 |
| c. Street Address of **California** Office, if Item 4a is not in California<br>Do not list a P.O. Box<br>6 Centerpointe Dr, Ste 620 | La Palma | CA | 90623 |

**5. Manager(s) or Member(s)**

If no managers have been appointed or elected, provide the name and address of each member. At least one name and address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an additional managers/members, enter the names(s) and address(es) on Form LLC-12A.

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Kanye | | West | |

| b. Entity Name - Do not complete Item 5a |
|---|
| |

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 6 Centerpointe Dr, Ste 620 | La Palma | CA | 90623 |

LLC-12 (REV 12/2021)

**Page 1 of 2**

2021 California Secretary of State
bizfile.sos.ca.gov

**6. Service of Process** (Must provide either Individual **OR** Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| Andre | | Bodiford | | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 6 Centerpointe Dr, Ste 620 | La Palma | **CA** | 90623 |

**CORPORATION** – Complete Item 6c only.  Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| |

**7. Type of Business**

| Describe the type of business or services of the Limited Liability Company |
|---|
| Holding Company |

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9. Labor Judgment**

| Does a Manager or Member have an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code? | ☐ Yes   ☑ No |
|---|---|

**10.** By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

| 01/26/2022 | Tao Li | Authorized Person | |
|---|---|---|---|
| Date | Type or Print Name | Title | Signature |

# Exhibit B

**Ruth Kwon**

---

| | |
|---|---|
| **From:** | Process <Process@usalegalinc.com> |
| **Sent:** | Wednesday, November 2, 2022 11:59 AM |
| **To:** | Kaitlyn Alexander |
| **Subject:** | STATUS FOR TICKET #1163443 FOR SERVICE ON YEEZY LLC, a Delaware Limited Liability Company - REF: 4921-002 |
| **Attachments:** | PIC 1.jpg; PIC 2.jpg |

STATUS FOR TICKET #1163443 FOR SERVICE ON YEEZY LLC, a Delaware Limited Liability Company

FILE/REFERENCE: 4921-002
CASE NUMBER: 22SMCV02012
ADDRESS: 6 Centerpointe Drive, Ste 620 La Palma, CA 90623

11/2/22 10:50am There is no name plate for Suite #620. The others suites have on this floor have business name plate. Business door is locked. There are 2 FedEx delivery slips on the door from 10/14/22 & 10/17/22. Company not listed on building directory as well. Spoke to Dominc, Security Desk (Adrian Villareal (P32056); Los Angeles County Fire Department) who confirmed confirmed that Yeezy, LLC is no longer in this building. (See attached pictures)

*AFTER DILIGENCE, WE HAVE BEEN UNABLE TO EXECUTE SERVICE AT THIS TIME FOR THE DEFENDANT. PLEASE PROVIDE AN ALTERNATIVE RESIDENCE/BUSINESS ADDRESS FOR SERVICE. ALL FURTHER EFFORTS AT THIS ADDRESS, UNDER THIS TICKET ARE BEING CEASED.
**USA LEGAL MAY ALSO ASSIST YOU WITH A SKIP TRACE FOR A POSSIBLE ALTERNATE ADDRESS. IF YOU CHOOSE TO USE THIS SERVICE, PLEASE RESPOND TO THIS E-MAIL WITH REQUEST FOR A SKIP TRACE AND FOLLOWING INFORMATION.
-        Full name
-        Last known address
-        Social security number (optional)
-        Date of birth (optional)

Thank you,



**Carlos Sanz**
Process Department, USA Legal Network
(213) 607-9000 | process@usalegalinc.com
www.usalegalinc.com
800 W. 1st Street, Suite 200B, Los Angeles, CA 90012

[f] [in] [t]

*Kindly send any responses/statuses to process@usalegalinc.com where the entire Service of Process team will receive copies of the messages sent to this address.*



**CAUTION:** This email originated from outside of Sklar Kirsh. Do not click links, reply, or open attachments unless you recognize the sender and know the content is safe.

# Exhibit C

**SKLAR KIRSH**

1880 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA 90067

Kanye West
24900 Eldorado Meadow Rd
Hidden Hills CA 91302-1214

SKLAR
KIRSH

1880 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA 90067

Kanye West
2470 Stokes Canyon Rd
Calabasas, CA 91302-298

SKLAR
KIRSH

IBBO CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA 90067

Kanye West
24844 Malibu Rd.
Malibu, CA 90265

**SKLAR KIRSH**

1880 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA 90067

Yeezy LLC
c/o Maximilian Jo
6 Centerpointe Drive, #620
La Palma, CA 90623

# Exhibit D



SKLAR
KIRSH

1880 CENTURY PARK EAST, SUITE 300
LOS ANGELES, CALIFORNIA 90067

Kanye West
24900 Eldorado Meadow Rd
Hidden Hills CA 91302-1214

NIXIE          910   5E  1

RETURN TO S
VACAN
UNABLE TO F

BC: 9006716099   2

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Justin M. Goldstein (SBN 198858) Ruth M. Kwon (SBN 334076)<br>1880 Century Park East, Suite 300<br>Los Angeles, California 90067<br><br>TELEPHONE NO: (310) 845-6416    FAX NO. *(Optional):* (310) 929-4469<br>E-MAIL ADDRESS *(Optional):* jgoldstein@sklarkirsh.com; rkwon@sklarkirsh.com<br>ATTORNEY FOR *(Name):* Plaintiff Thomas St. John Inc. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: Santa Monica Courthouse

PLAINTIFF/PETITIONER: Thomas St. John Inc.

DEFENDANT/RESPONDENT: Yeezy LLC, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>22SMCV02012 |
|---|---|

TO *(insert name of party being served):* KANYE WEST, an Individual

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 1, 2022

Justin M. Goldstein
attorney for Plaintiff Thomas St. John Inc.
_____
(TYPE OR PRINT NAME)    ► (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):* Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment; and Notice of Case Management Conference.

*(To be completed by recipient):*

Date this form is signed:

_____    ► _____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory se
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# Exhibit E

**Secretary of State**
**Statement of Information**
(Limited Liability Company)

| LLC-12 |

20-C15023

# FILED

In the office of the Secretary of State
of the State of California

MAY 26, 2020

**This Space For Office Use Only**

**IMPORTANT — Read instructions before completing this form.**

**Filing Fee – $20.00**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Limited Liability Company Name** (Enter the exact name of the LLC.  If you registered in California using an alternate name, see instructions.)

YEEZY LLC

| 2. 12-Digit Secretary of State File Number | 3. State, Foreign Country or Place of Organization (only if formed outside of California) |
|---|---|
| 201613910148 | DELAWARE |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box 6 Centerpointe Drive, #620 | La Palma | CA | 90623 |
| b. Mailing Address of LLC, **if different than item 4a** 6 Centerpointe Drive, #620 | La Palma | CA | 90623 |
| c. Street Address of **California** Office, if Item 4a is not in California - Do not list a P.O. Box 6 Centerpointe Drive, #620 | La Palma | CA | 90623 |

**5. Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank).  If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank).  Note:  The LLC cannot serve as its own manager or member.  If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Kanye | | West | |

b. Entity Name - Do not complete Item 5a

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 6 Centerpointe Drive, #620 | La Palma | CA | 90623 |

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Maximilian | | Jo | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 6 Centerpointe Drive, #620 | La Palma | CA | 90623 |

**CORPORATION** – Complete Item 6c only.  Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b

**7. Type of Business**

a. Describe the type of business or services of the Limited Liability Company
Holding Company

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9. The Information contained herein, including any attachments, is true and correct.**

| 05/26/2020 | Maximilian Jo | General Counsel | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed.  SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

# Exhibit F



PITNEY BOWES

$2.40 0
US POSTAGE FIRST-CLASS
0000000000
ZIP 90067
DEC 19 2022

**SKLAR KIRSH**

1880 CENTURY PARK EAST
SUITE 300
LOS ANGELES, CA 90067

Yeezy, LLC
c/o Andre Bodiford
6 Centerpointe Dr., Ste 620,
La Palma, CA 90623.