

Justin MacLean
Tel 212.801.3137
Fax 212.309.9537
Justin.MacLean@gtlaw.com

January 13, 2023

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re:   *Ultra International Music Publishing, LLC v. Kanye West individually and d/b/a "Yeezy Tech," et al.*, Case No. 1:22-cv-05560 (AT)

Dear Judge Torres:

     Greenberg Traurig ("GT") formerly represented Defendant Ye, formerly known as Kanye West, individually and d/b/a "Yeezy Tech" ("Ye") in the above-captioned action. Pursuant to Sections I.B. and IV.A. of Your Honor's Individual Practices, we write to request leave to file, under seal and *in camera*, the Declaration of Nina D. Boyajian in Support of Third Request for an Extension of Time to Serve Ye, and/or For Alternative Service of Order Granting Motion to Withdraw ("Sixth Boyajian Declaration"), and that the Court excuse GT from serving the Sixth Boyajian Declaration on the other parties to this litigation or their counsel.

     The Sixth Boyajian Declaration is filed in response to the Court's December 23, 2022 Order requiring GT to "personally serve Ye by January 9, 2023." (Dkt. 72.)  The Sixth Boyajian Declaration contains descriptions of attempted communications with Ye and communications with a former representative of Ye and GT, implicating certain aspects of the attorney-client relationship. GT respectfully submits that submission under seal and *in camera*, for the Court's eyes only, is appropriate. *See, e.g.*, *Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426 (HB) (JLC), 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) ("[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and ... this method is viewed favorably by the courts.") (quoting *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006)); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97 Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw."); *Ashmore v. CGI Grp., Inc.*, No. 11 Civ. 8611 (AT), Dkt. No. 56 (S.D.N.Y. Sept. 20, 2013) (ordering that counsel "need not serve his

Greenberg Traurig, LLP | Attorneys at Law
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

January 13, 2023
Page 2

adversary with these papers"); L. Civ. R. 1.4, Committee Note ("This is not meant to preclude the Court from permitting the reasons for withdrawal to be stated in camera and under seal in an appropriate case.").

GT's request to seal is narrowly tailored to cover only the Sixth Boyajian Declaration submitted in support of GT's request for an extension of time to serve Ye, and/or for an alternative service of the order, which contains specifics about communications protected by the attorney-client privilege and work-product doctrine. The grounds for GT's requests are summarized in the publicly filed Letter Motion dated January 13, 2023 addressed to Your Honor at a level of detail that, while more general, provides the parties and the public with understanding as to those grounds. Thus, GT respectfully submits that the interest to be protected by filing the Sixth Boyajian Declaration under seal therefore outweighs the presumption of public access under the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

For the foregoing reasons, GT respectfully requests that the Court grant its motion to seal.

Respectfully Submitted,

*[signature]*

cc:     Counsel of Record