```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ULTRA INTERNATIONAL MUSIC
PUBLISHING, LLC,

                    Plaintiff,

       -against-                                   22 Civ. 5560 (AT)

KANYE WEST individually and d/b/a "Yeezy           ORDER
Tech," ALEX KLEIN, KANO COMPUTING
LIMITED, and DOES 1 through 10,

                    Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/24/2023__

ANALISA TORRES, District Judge:

  The Court has reviewed the January 13, 2023 submissions from Greenberg Traurig, LLP ("GT"), former counsel for Defendant, Kanye West, individually and d/b/a "Yeezy Tech" ("Ye"). ECF Nos. 73–76. On December 23, 2022, the Court ordered GT to file a letter describing its efforts to personally serve Ye with the Court's November 30, 2022 order granting GT's motion to withdraw as counsel, ECF No. 59, and outlining a specific proposal for alternative service that comports with due process. ECF No. 72. GT requests an "extension of time to serve . . . Ye . . . and for leave to serve Ye by alternative means." ECF No. 73 at 1. GT argues that "good cause exists for [its] requested extension" because "GT has dispatched process servers to the addresses it previously knew Ye to frequent, and has exhausted all methods of contacting Ye to arrange for service, including through Ye's legal representatives and through Ye directly." *Id.* at 2. GT contends that "[a]lternative service is necessary because personal service is impracticable by traditional means," and that "GT has been unable to locate Ye for personal service despite its best efforts." *Id.* at 3.

  Under Federal Rule of Civil Procedure 4(e), an individual may be served pursuant to the procedures allowed by state law in the state in which the district court is located. Fed. R. Civ. Proc. 4(e)(1). "New York state law provides a number of specified methods for serving individuals, and further provides that service may be effectuated 'in such manner as the court, upon motion without notice, directs, if service is impracticable' under the other specified methods of service." *Shamoun v. Mushlin*, No. 12 Civ. 3541, 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013) (citing N.Y. C.P.L.R. § 308(5)). "Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Marvici v. Roche Facilities Maint. LLC*, No. 21 Civ. 4259, 2021 WL 5323748, at *2 (S.D.N.Y. Oct. 6, 2021) (citation and quotation marks omitted).

  The Court finds that GT has not provided sufficient facts to support its conclusion that personal service is impracticable. In particular, GT's latest attempts at personal service, by "dispatch[ing] process servers to the addresses [GT] *previously* knew Ye to frequent," do not indicate diligent efforts at attempting to locate Ye. ECF No. 73 at 2 (emphasis added). Other courts have found impracticability after parties have tried to locate a defendant through various means, such as conducting database searches for a defendant's new address, *Marvici*, 2021 WL 5323748, at *3, or

hiring private investigators to locate a defendant's whereabouts, *Urbont v. Sony Music Ent.*, No. 11 Civ. 4516, 2012 WL 1592519, at *1 (S.D.N.Y. May 4, 2012). Since personally serving Ye with GT's motion to withdraw, GT has attempted to coordinate service with one of Ye's representatives, who no longer works for Ye. ECF No. 76 ¶ 9; ECF No. 73 at 1–2. GT also attempted to contact Ye directly via text message, but the text message was undeliverable. ECF No. 76 ¶ 10; ECF No. 73 at 2. GT assumes that Ye may have changed his number. ECF No. 76 ¶ 11; ECF No. 73 at 2. In its submission, GT refers to "two possible addresses likely to be Ye's California residences," which were identified in a California action involving Ye, but does not indicate whether GT has attempted personal service at those addresses. ECF No. 73 at 2. On this record, GT has not shown that personal service is impracticable.

Even if the Court determined that personal service were impracticable, GT's proposal presents due process concerns. GT proposes two addresses for service by mail, stating that they "are associated with Ye." *Id.* GT does not specify whether these are addresses where Ye actually lives or works, or how exactly they "are associated with Ye." The Court recognizes that Ye is on notice of this lawsuit and GT's motion to withdraw, which weighs in favor of granting GT's motion for alternative service.[1] However, GT must show a likelihood that Ye will be reached by the alternative means it suggests. *See Marvici*, 2021 WL 5323748, at *5. GT's proposal does not meet this standard.

Accordingly, GT's request for an extension of time to serve Ye is GRANTED, and its request for leave to serve Ye by alternative means is DENIED, without prejudice to renewal. By **February 15, 2023**, GT shall either: (1) personally serve Ye with the Court's November 30, 2022 order granting GT's motion to withdraw as counsel, ECF No. 59, or (2) supplement its request to serve Ye by alternative means as detailed in this order.

GT also filed a letter motion requesting to file a declaration supporting their extension request under seal and *in camera*. ECF No. 74. The declaration GT seeks to seal contains "specifics about communications protected by the attorney-client privilege and work-product doctrine." *Id.* at 2; *see also* ECF No. 76. After reviewing GT's submission, the Court concludes that GT has met its burden to demonstrate that the interests in filing these materials under seal outweigh the presumption of public access under *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006). *See Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426, 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012). Accordingly, GT's request to file its declaration, ECF No. 76, under seal and *in camera* is GRANTED.[2]

The Clerk of Court is directed to terminate the motions at ECF Nos. 73 and 74.

SO ORDERED.

Dated: January 24, 2023
New York, New York

ANALISA TORRES
United States District Judge

---

[1] GT suggests that Ye appears to be "taking active measures to avoid being located and to evade service." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 366 (E.D.N.Y. 2016). This also weighs in favor of granting GT's motion for alternative service.

[2] This order resolves GT's request that the Court "excuse GT from serving the [declaration] on the other parties to this litigation or their counsel." ECF No. 73 at 1. GT is excused from doing so.