

Justin MacLean
Tel 212.801.3137
Fax 212.309.9537
Justin.MacLean@gtlaw.com

February 3, 2023

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re:   *Ultra International Music Publishing, LLC v. Kanye West individually and d/b/a "Yeezy Tech," et al.*, Case No. 1:22-cv-05560 (AT)

Dear Judge Torres:

  Greenberg Traurig ("GT") formerly represented Defendant Ye, formerly known as Kanye West, individually and d/b/a "Yeezy Tech" ("Ye") in the above-captioned action. Pursuant to Sections I.B. and IV.A. of Your Honor's Individual Practices, we write to request leave to file, under seal and *in camera*, the Certificate of Service of the Motion to Withdraw on Ye ("Certificate of Service"), and that the Court excuse GT from serving the aforementioned documents on the other parties to this litigation or their counsel.

  The Certificate of Service is filed in response to the Court's January 24, 2023 Order requiring GT to "personally serve Ye with the Court's November 30, 2022 order granting GT's motion to withdraw as counsel." (Dkt. 78.) As set forth in the Declaration of Nina D. Boyajian filed concurrently herewith, personal service was accomplished at GT's direction. The Certificate of Service, attached as Exhibit A to the Boyajian Declaration, contains the precise address at which Ye was personally served, as well as the identity of the individual who served Ye and is knowledgeable of that address. GT seeks to maintain this information under seal. GT will also file a public Certificate of Service redacting only the address at which service was accomplished and the identity of the individual knowledgeable of Ye's address.

  The address at which Ye was personally served is not one that is publicly affiliated with Ye or his businesses, but one that Ye nonetheless frequents. The location also appears to be primarily used by persons and entities not affiliated with Ye or his businesses. Similarly, the individual who served Ye at this address does not otherwise appear to be affiliated with this case.

  Ye's conduct, the persons and entities ceasing to be affiliated with Ye as a result, and GT's Motion to Withdraw in particular, have generated immense publicity. Certain articles indicate that

Greenberg Traurig, LLP | Attorneys at Law
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

February 3, 2023
Page 2

the press and/or members of the public have frequented locations thought to be associated with Ye. If the Certificate of Service were filed publicly, it is highly likely that the address identified therein would be subject to unwanted loitering and attempted access by third parties, which would likely result in disruption and potential endangerment to the persons and entities present there, despite their lack of affiliation with Ye or this lawsuit. Similarly, the person who personally served Ye at this address should also be safeguarded from potential and unwarranted harassment.

      Thus, GT respectfully submits that submission under seal and *in camera*, for the Court's eyes only, is appropriate. *See, e.g.*, *Abbey v. 3F Therapeutics, Inc.*, No. 06 Civ. 409, 2010 WL 11677681, at *1 (S.D.N.Y. Aug. 3, 2010) (granting "motion to seal to the extent that documents containing Plaintiff's . . . address . . . should be redacted. Such information has no bearing on adjudication in this case and implicates important privacy concerns."); *Kewazinga Corp. v. Microsoft Corp.*, No. 18 Civ. 4500, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (granting redaction of the personally identifiable information "[b]ecause of the significant privacy interests of non-parties, and the lack of relevance of this information to any issue in this litigation").[1] The Court has previously approved of the similar filing under seal of a Proof of Service in this case, noting that it implicate[s] significant privacy interests of non-parties." (Dkt. 59 at 1 n.1.)

      GT's request to seal is narrowly tailored to cover only the sensitive information in the Certificate of Service, which contains the *specific* location at which Ye was served and the identity of the individual who served Ye. The Certificate of Service will also be filed publicly, redacting only the *specific* address at which service was accomplished and the identity of the individual knowledgeable—thereby enabling the public to see that Ye had in fact been personally served. Thus, GT respectfully submits that the interest to be protected by filing the Certificate of Service under seal therefore outweighs the presumption of public access under the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

      For the foregoing reasons, GT respectfully requests that the Court grant its motion to seal.

Respectfully Submitted,

*[signature]*

cc:    Counsel of Record

---

[1] The Certificate of Service is also connected to GT's Motion to Withdraw, which provides an additional basis for sealing. *See, e.g.*, *Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426 (HB) (JLC), 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) ("[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and ... this method is viewed favorably by the courts.") (quoting *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006)); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97 Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.")