UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ULTRA INTERNATIONAL MUSIC
PUBLISHING, LLC,

          Plaintiff,

-against-

KANYE WEST individually and d/b/a "Yeezy Tech," ALEX KLEIN, KANO COMPUTING LIMITED, and DOES 1 through 10,

          Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/2023
```

22 Civ. 5560 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed the February 3, 2023 submissions from Greenberg Traurig, LLP ("GT"), former counsel for Defendant, Kanye West, individually and d/b/a "Yeezy Tech" ("Ye"). ECF Nos. 81–84. Accordingly:

1. GT's request to file the certificate of service of the motion to withdraw on Ye (the "Certificate"), ECF No. 84, under seal and *in camera* is GRANTED.[1,2]
2. GT states that "an attorney based in California contacted [GT] advising that he would be representing 'Ye on some of his legal matters.'" ECF No. 82 ¶ 3. By **February 20, 2023**, Ye shall inform the Court whether he has retained new counsel or shall proceed *pro se* as outlined in the Court's November 30, 2022 order, ECF No. 59.
3. By **March 1, 2023**, Defendants shall: (a) answer or otherwise respond to the complaint and (b) submit a revised case management plan.[3]

The Clerk of Court is directed to terminate the motion at ECF No. 81.

SO ORDERED.

Dated: February 7, 2023
      New York, New York

                                            ANALISA TORRES
                                           United States District Judge

---

[1] The Certificate contains "the precise address at which Ye was personally served, as well as the identity of the individual who served ye and is knowledgeable of that address." ECF No. 81 at 1; *see also* ECF No. 84. After reviewing GT's submission, the Court concludes that GT has met its burden to demonstrate that the interests in filing the Certificate under seal outweigh the presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). *See, e.g., Abbey v. 3F Therapeutics, Inc.*, No. 06 Civ. 409, 2010 WL 11677681, at *1 (S.D.N.Y. Aug. 3, 2010); *City of Providence v. BATS Glob. Mkts., Inc.*, No. 14 Civ. 2811, 2022 WL 539438, at *2 (S.D.N.Y. Feb. 23, 2022).

[2] This order resolves GT's request that the Court "excuse GT from serving the [Certificate] on the other parties to this litigation or their counsel." ECF No. 81 at 1. GT is excused from doing so.

[3] On January 31, 2023, the Court stated that it would ask the parties to submit revisions to the case schedule after GT's efforts to serve Ye with the Court's November 30, 2022 order concluded. ECF No. 80. This order provides that guidance.